United States Courts
Southern District of Texas
FILED

DEC 17 2009

Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | **H-09- 700** |
| § | |
| v.  § | **CRIMINAL NO.** |
| § | |
| § | 18 U.S.C. § 1344 - Bank Fraud |
| § | 18 U.S.C. § 656 - Embezzlement |
| § | 18 U.S.C. § 1028A - Identity Theft |
| **CHRISTOPHER S. MARTIN** § | 18 U.S.C. § 1029 - Fraud with Access Device |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS ONE THROUGH SIX
(Title 18 U.S.C.§ 1344 Bank Fraud)

At all times material to this Indictment:

1.  **CHRISTOPHER SHERROD MARTIN**, defendant herein, acting as a teller of a federally insured financial institution, First Convenience Bank, willfully executed a scheme to defraud First Convenience Bank and willfully misapplied funds of First Convenience Bank, in the amount of $53,500.00, from the accounts of account holders of First Convenience Bank. First Convenience Bank is insured by the Federal Deposit Insurance Corporation, and is located in Harris County, Texas.

## THE SCHEME AND ARTIFICE TO DEFRAUD

2. From about February 1, 2006 through July 31, 2008, **CHRISTOPHER MARTIN,** aided and abetted by others known and unknown to the grand jury, knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money by means of material false and fraudulent pretenses, representations and promises, in that **DEFENDANT MARTIN,** without authorization,

    A. Used the name and other identifying information of First Convenience Bank Customer, Michael McCaleb, to create a fraudulent account in the name of Michael McCaleb;

    B. **MARTIN** then transferred or cause to be transferred $5,000 from the account Michael McCaleb at Chase Bank, to the fraudulent account of Michael McCaleb located at First Convenience Bank;

    C. **MARTIN** then programmed two Automatic Teller Machine "ATM" cards for use with the fraudulent account, in the name of Michael McCaleb;

    D. **MARTIN** then used the ATM cards to withdraw funds from the fraudulent account;

E.  **MARTIN** also sold the names and identifying information of other First Convenience Bank customers to a person other than the account holders.

F.  Funds were later withdrawn from the accounts of First Convenience Bank customers without their knowledge, consent or authorization, through the use of fraudulent checks or by teller transactions.

G.  In furtherance of his scheme to defraud, **DEFENDANT MARTIN** was paid for providing information regarding the above accounts and for providing access to the accounts.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

3.  It was part of the scheme and artifice to defraud that **DEFENDANT MARTIN**, while employed by First Convenience Bank, used his office computer to access the names and identifying information of First Convenience Bank account holders to make unauthorized transfers of funds from at least one account.

4.  It was further part of the scheme and artifice to defraud that **DEFENDANT MARTIN** sold the names, account numbers and other identifying information of First Convenience Bank customers to a person other than the account holders.

5. It was further part of the scheme and artifice to defraud that **DEFENDANT MARTIN** created a fraudulent account for First Convenience Bank customer, Michael McCaleb. **DEFENDANT MARTIN** then transferred or caused to be transferred funds from the Chase bank account of Michael McCaleb to the fraudulent account **MARTIN** created at First Convenience Bank. **DEFENDANT MARTIN** then programmed two ATM cards withdraw funds from the fraudulent account of Michael McCaleb. All of these transactions by **DEFENDANT MARTIN** were done without the knowledge, consent or authorization of Michael McCaleb.

## EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

6. On or about the dates listed below, in the Southern District of Texas and elsewhere, **DEFENDANT,**

**CHRISTOPHER MARTIN,**

aided and abetted by others known and unknown to the grand jury, did knowingly execute and attempt to execute the aforesaid scheme and artifice to defraud First Convenience Bank and to obtain money and property of First Convenience Bank by means of false and fraudulent pretenses, representations and promises, by creating a fraudulent account in the name of Michael McCaleb, transferring funds from the legitimate Chase Bank account of Michael McCaleb, to the fraudulent

account of Michael McCaleb, programming two ATM cards to withdraw funds from the fraudulent account; and by selling the names, identifying information, and account information of six First Convenience Bank accounts holders to a person other than the account holders, which unknown person caused funds to be fraudulently withdrawn as further set forth in the Counts below:

| Cnt. | Chase Bank Account (Source Account) (Name and Number) | Fraudulent Account (Destination Account) (Name and Number) | Amount of Transfer | Date of Transfer |
|---|---|---|---|---|
| 1 | Michael McCaleb Account No. XXX09 | Michael McCaleb Account No. XXX64 | $5,000.00 | 03/20/08 |

| Cnt. | Account Holder and Account Number | Amount of Withdrawal | Withdrawal Type | Date |
|---|---|---|---|---|
| 2 | William Patrick Account No. XXX54 | $7,300.00 | Check No. 1001 | 11/08/06 |
| 3 | Crystal Bell Account No. XXX41 | $8,900.00 | Check No. 1709 | 12/18/06 |
| 4 | Glenn Moody Account No. XXX37 | $8,500.00 | Teller | 02/13/08 |
| 5 | Ann Gibson Account No. XXX54 | $9,7000.00 | Check No. 1091 | 11/17/06 |
| 6 | Greg Searcy Account No. XXX19 | $9,600.00 | Check No. 9004 | 02/23/07 |

**In violation of Title 18 United States Code, Sections 1344 and 2.**

## COUNTS SEVEN THROUGH ELEVEN
### (18 U.S.C. § 656 - Theft or Embezzlement by a Bank Employee)

7. The grand jury realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs One through Six of Counts One through Six of the Indictment.

8. On or about the dates set forth in the Counts below, in the Southern District of Texas,

### CHRISTOPHER MARTIN,

Defendant herein, being an employee of First Convenience Bank, a federally insured financial institution, acting alone and with an unknown coconspirator, with intent to injure or defraud the First Convenience Bank, willfully misapplied, embezzled, abstracted, and purloined the following moneys, funds or credits intrusted to the custody and care of the First Convenience Bank, in that the Defendant, without authorization, withdrew funds from the account of Michael McCaleb via Automatic Teller Machines using ATM cards, as reflected below:

| Count | Account Holder (Name and Number) | Date of ATM Withdrawal | Amount of ATM Withdrawals |
|---|---|---|---|
| 7 | Michael McCaleb Account No. XXX64 | 03/21/08 | $401.75 |
| 8 | Michael McCaleb Account No. XXX64 | 03/24/08 | $502.00 |

| Count | Account Holder (Name and Number) | Date of ATM Withdrawal | Amount of ATM Withdrawals |
|---|---|---|---|
| 9 | Michael McCaleb Account No. XXX64 | 03/24/08 | $501.50 |
| 10 | Michael McCaleb Account No. XXX64 | 03/26/08 | $503.00 |
| 11 | Michael McCaleb Account No. XXX64 | 03/27/08 | $5.40 |

**In violation of Title 18 United States Code, Section 656.**

## COUNTS TWELVE THROUGH SEVENTEEN
### (18 U.S.C. § 1028A - Aggravated Identity Theft)

9. The grand jury realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs One through Eight of Counts One through Eleven of the Indictment.

10. From about February 1, 2006 through July 31, 2008, **DEFENDANT MARTIN** during and in relation to bank fraud and embezzlement, knowingly transferred, possessed, and used without lawful authority, a means of identification of the following First Service Convenience Bank account holders to withdraw, or caused to be withdrawn, funds on the dates listed below:

7

| Count | Account Holder (Name and Number) | Date of Withdrawal | Amount of Withdrawal |
|---|---|---|---|
| 12 | William Patrick Account No. XXX54 | 11/08/06 | $7,300.00 |
| 13 | Crystal Bell Account No. XXX41 | 12/18/06 | $8,900.00 |
| 14 | Glenn Moody Account No. XXX37 | 02/13/08 | $8,500.00 |
| 15 | Ann Gibson Account No. XXX54 | 11/17/06 | $9,7000.00 |
| 16 | Greg Searcy Account No. XXX19 | 02/23/07 | $9,600.00 |
| 17 | Michael McCaleb Account No. XXX64 | 03/21/08 | $401.75 |

**In violation of Title 18 United States Code, Section 1028A.**

## COUNT EIGHTEEN
### (18 U.S.C. § 1029(a)(2) - Fraud and Related Activity in Connection with Access Devices)

11. The grand jury realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs One through Ten of Counts One through Seventeen of the Indictment.

12. From about July 31, 2007 through July 31, 2008, **DEFENDANT MARTIN**, knowingly and with intent to defraud, used one or more unauthorized access devices during a one year period, and by such conduct, obtained moneys whose aggregate value exceeded $1,000.00, namely an ATM card to access the

8

account of Michael McCaleb, and by such conduct, obtained money whose aggregate value exceeded $1,000.00 during a one year period.

**In violation of Title 18 United States Code, Section 1029(a)(2).**

## NOTICE OF FORFEITURE
(18 U.S.C. § 982(a)(2)(A) and (B))

Pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (B), the United States gives notice to the Defendant

### CHRISTOPHER MARTIN

that in the event of conviction for bank fraud, in violation of 18 U.S.C. Section 1344, as charged in Counts 1-6; theft or embezzlement by a bank employee in violation of 18 U.S.C. Section 656, as charged in Counts 7-11; aggravated identity theft in violation of 18 U.S.C. Section 1028A, as charged in Counts 12-17; and fraud and related activity in connection with access devices in violation of 18 U.S.C. Section 1029(a)(2), as charged in Count 18; all property which constitutes or is derived from proceeds obtained directly or indirectly as the result of such violations shall be forfeited to the United States.

The property subject to forfeiture, includes, but is not limited to, the following property:

> Counts 1-6: At least $53,000.00 in United States dollars.
> Counts 7-11: The amount withdrawn from an ATM as alleged in each Count.
> Counts 12-17: The amount withdrawn as alleged in each Count.
> Count 18.: The amount withdrawn from an ATM.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to 21 U.S.C. Section 853(p), incorporated by reference in 18 U.S.C. Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE
FOREMAN OF THE GRAND JURY

TIM JOHNSON
UNITED STATES ATTORNEY

By: _____
VERNON L. LEWIS
Assistant United States Attorney